UNTIED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61754-CIV-GOLD/MCALILEY

ANGELA PAULK,

       Plaintiff,

v.

DEUTSCHE BANK NATIONAL TRUST
COMPANY, SHAPIRO & FISHMAN LLP,
DONNA BARRETT, as agent for Home Value
Realty,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**
**RECOMMENDING DISMISSAL WITHOUT PREJUDICE**

Pending before the Court is Plaintiff Angela Paulk's *pro se* Original Petition and Application for Temporary and Permanent Injunction (which this Court construes as the Complaint)[DE 1] and her Emergency Petition for Temporary Injunction and Temporary Restraining Order (which this Court construes as a motion for a TRO and preliminary injunction) [DE 3]. This matter was referred to the undersigned by the Honorable Alan S. Gold. [DE 4]. This Court has reviewed both Petitions and recommends that the Original Petition be dismissed without prejudice, and the Emergency Petition be denied.

Plaintiff seeks a temporary and permanent injunction, without notice, barring Defendants from taking possession of real property (apparently Plaintiff's current residence) and from engaging in other unspecified debt collection procedures; Plaintiff also seeks a

declaration that she is the owner of the real property and she seeks damages. [DE 1]. Plaintiff alleges a host of state causes of action, and only one count would appear to be brought under federal law, the Federal Fair Debt Collections Practice Act. [DE 1, p. 5, ¶ V(F)].

Federal courts are courts of limited jurisdiction and must inquire into the issue of subject matter jurisdiction, on their own, at the earliest possible stage in the proceedings. *University of South Alabama v. Amer. Tobacco Co.*, 168 F.3d 405, 409-10 (11th Cir. 1999). This Court can have subject matter jurisdiction over Plaintiff's Original Petition only if there is diversity of citizenship between Plaintiff and all Defendants, 18 U.S.C. § 1332, or if her complaint raises a federal question, 18 U.S.C. § 1331. In order to satisfy this jurisdictional requirement, a plaintiff must affirmatively allege facts demonstrating the existence of jurisdiction and include a "short and plain statement of the grounds upon which the court's jurisdiction depends." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (quoting Fed. R. Civ. P. 8(a)); *Beavers v. A.O. Smith Elec. Prod. Co.*, 265 Fed. Appx. 772, 777-78 (11th Cir. 2008).

Here, it is apparent from the face of the Original Petition that full diversity does not exist between the parties: Defendant Shapiro & Fishman, LLP is a citizen of the State of Florida, as is the Plaintiff. [DE 1, p. 2, ¶¶ 2, 4].[1] Thus, subject matter jurisdiction here can not be based upon diversity jurisdiction.

---

[1] It may well be that Defendant Home Value Realty is also a citizen of Florida; this however, can not be determined from the Original Petition. [DE 1, p. 2, ¶ 5].

2

The Original Petition fails to set forth sufficient facts upon which this Court can determine that it was federal question jurisdiction. The only apparent federal claim asserted in the Original Petition is a violation of the federal Fair Debt Collection Practices Act. [DE 1, p. 5, ¶ V(F)]. However, Plaintiff does nothing more than allege that Defendants violated this Act: she does not set forth *any* facts to support this allegation. For example, Plaintiff does not allege which Defendants violated the Act, how the violation allegedly occurred or even which portion of the Act was violated. As explained by our sister court:

> It is, of course, incumbent on a plaintiff in a federal action to set forth in his or her complaint the basis for federal subject matter jurisdiction. In that regard, Rule 8(a)(1) of the Federal Rules of Civil Procedure requires a plaintiff to include in his or her complaint a short and plain statement of the grounds upon which the court's jurisdiction depends. Plaintiffs have not done so. Federal jurisdiction may or may not be proper here. Without clarification from plaintiffs, however, as to the basis on which federal court jurisdiction is sought, such a determination cannot be made. Accordingly, the Court declines to speculate as to the jurisdictional underpinnings and sufficiency of the Complaint.

*Turner v. Cunningham*, No. 08-0249-WS-M, 2008 WL 2157113, * 1 (S.D. Ala. May 20, 2008) (citations and quotations omitted). Without allegation sufficient to find subject matter jurisdiction over Plaintiff's claims, this Court must deny her Emergency Petition.[2]

Even if the Court had subject matter jurisdiction, the Emergency Petition would have to be denied for another reason: Plaintiff has not alleged facts that would support the

---

[2] By dismissing the Original Petition without prejudice, Plaintiff will have the opportunity, if possible, to refile her lawsuit in a manner that corrects these deficiencies.

issuance of injunctive relief without notice.[3]  Federal Rule of Civil Procedure 65(b)(1) provides that the Court may only issue a temporary restraining order without notice to the adverse party or its attorney if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Plaintiff has not satisfied either of these requirements. First, she has not filed an affidavit or verified complaint clearly setting forth facts showing a danger of immediate or irreparable injury. Although the Original Petition is not at all clear, it would appear that Plaintiff alleges that Defendants are engaging in foreclosure proceedings on her residence; however she has provided no detail about those proceedings. Second, although Plaintiff did certify that she "properly served" the Defendants at stated addresses with the Original and Emergency Petitions [DE 1, p. 9; DE 3, p. 3],[4] there is no proof that Defendants have actually received notice, nor are any reasons given why Defendants should not be given notice.

In sum, because Plaintiff has failed to allege a basis for the exercise of subject matter jurisdiction and failed to meet the requirements of Rule 65(b), this Court **RECOMMENDS** that:

---

[3] Plaintiff's demand for injunctive relief without notice is made in both the Original Petition [DE 1, p. 7, ¶ 1], and in the Emergency Petition [DE 3, p. 5, ¶ 1].

[4] Federal Rule of Civil Procedure 4 sets forth the rules for service of process. The "Proof of Service Affidavit" attached to both Petitions does not meet the requirements of that Rule.

(1) Plaintiff Angela Paulk's Original Petition and Application for Temporary and Permanent Injunction [DE 1] be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

(2) Plaintiff Angela Paulk's Emergency Petition for Temporary Injunction and Temporary Restraining Order [DE 3] be **DENIED**.

### Objections

Pursuant to Magistrate Judge Rule 4(b), S.D. Fla. L. R., Plaintiff will have **10 days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Alan S. Gold, United States District Judge. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144 (11th Cir. 1993).

RESPECTFULLY SUBMITTED in chambers in Miami, Florida, this 12th day of November, 2008.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable Alan S. Gold
Angela Paulk
14160 Luray Road
Southwest Ranches, FL 33330